IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDWARD FERRY,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO.:** |
| | ) | |
| v. | ) | _____ |
| | ) | |
| **ASSET CAMPUS HOUSING, INC.,** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |
| | ) | |

# COMPLAINT

## I.  INTRODUCTION

1.  This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress unlawful discrimination on the basis of age against the Plaintiff.  The suit is brought to secure the protection of and to redress the deprivation of rights secured by the "Age Discrimination in Employment Act," 29 U.S.C. Section 621 et seq (hereinafter "ADEA"). Specifically, plaintiff alleges that Defendant discriminated against him based on his age in the terms and conditions of his employment and by terminating the plaintiff's employment in violation of the ADEA.  The plaintiff seeks compensatory and liquidated damages, and requests a jury trial pursuant to 29 U.S.C. 626 (b) and (c); and 29 U.S.C. 216 (c) and 217.

## II.  JURISDICTION AND VENUE

2.  The unlawful employment practices alleged herein below were committed by the defendant within Mobile County, Alabama. Plaintiff is a resident of Mobile County, Alabama. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. 626 (b) and (c). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. The plaintiff requests a jury trial on all issues pursuant to 29 U.S.C. 626 (b) and (c); and 29 U.S.C. 216 (c) and 217.

### III.  PARTIES

4. The plaintiff, Edward "Ned" Ferry (hereinafter "Ferry" or "Plaintiff"), is a male citizen of the United States, and a resident of the State of Alabama, and at the time of the actions which serve as the basis of this suit was sixty-five (65) years of age. Plaintiff was a former employee of the Defendant.

5. The Defendant, Asset Campus Housing, Inc. (hereinafter "ACH" or "Defendant"), was the plaintiff's employer during the time period pertinent to this lawsuit. The Defendant is a Texas based entity which practiced business and employed the plaintiff in Mobile, Alabama, within the Southern District of Alabama. At all times pertinent to this action the Defendant employed at least twenty (20) persons and is an "employer", and was plaintiff's employer, and an entity subject to suit under the ADEA, 29 U.S.C. Section 621, et seq.

### IV.  ADMINISTRATIVE PREREQUISITES

6. The plaintiff has satisfied all administrative prerequisites for filing suit under the ADEA. Plaintiff timely filed his charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last discriminatory act. The plaintiff has timely filed this complaint within 90 days of receiving his Notice of Right-to-Sue from the EEOC.

### V.  STATEMENT OF FACTS AND CLAIMS

7. In or about September 2015 the Plaintiff began working for Campus Crest Real estate Management as the General Manager over The Grove apartments which provided campus housing

for the University of South Alabama ("USA").

8. The majority of the employees at The Grove were young and/or college students.

9. When Plaintiff became General Manager at The Grove, the facility was in disarray with extensive back rents owed, campus housing rules being routinely violated, and physical/operational issues which needed to be addressed including over 160 open work orders.

10. The Plaintiff quickly began making improvements and progress in getting The Grove back to an acceptable operational level. In October 2015 he received the Corporate Accounts Receivable recognition and he received praise from his Area Manager and the Vice President of Operations for his achievements at The Grove.

11. In November 2015 the Plaintiff was informed that The Grove was being sold to a the Defendant, Asset Campus Housing ("ACH").

12. In late December 2015 the Plaintiff completed a job application and related paperwork in order to become employed with ACH. Plaintiff became an employee of ACH as of January 1, 2016, and remained the General Manager of The Grove apartments.

13. The Plaintiff was qualified to do the General Manager job.

14. In early January 2016 the new ACH Area Director, Shawn Regan (at the time 30 years of age), and another ACH Property Manager, Dan Nowell, visited The Grove site.

15. On the first day of Regan's visit he spent about two hours total with the Plaintiff. The remainder of that day Regan spent with the Business Manager and the Sales Manager. The second day of Regan's visit he spent with the Regional Sales Manager. And on the final day of Regan's visit he again spent about two hours with the Plaintiff.

16. And during the minimal time Regan spent interacting with the Plaintiff during this visit, Regan was often distracted or called away by phone calls.

17. Following this visit, Plaintiff had repeated difficulty getting Regan to return phone calls, to respond to e-mails, or to respond to text messages. On many occasions it would take Regan days to respond to communications from Plaintiff.

18. Other than the few hours Plaintiff spent with Regan during the January 2016 site visit, Plaintiff did not see Regan again until Regan returned to The Grove on February 24, 2016.

19. The next day, February 25, 2016, Regan informed Plaintiff that his employment was terminated because the Plaintiff was "not a good fit for ACH."

20. Plaintiff initially responded by inquiring if Regan was kidding, to which Regan responded that he was not and that Plaintiff's services were no longer needed.

21. Plaintiff asked what "not a good fit" meant and why he was being terminated. Regan replied that perhaps Human Resources in Houston, Texas, could elaborate more. Regan then left.

22. Plaintiff then called Human Resources in Texas and spoke with Rulissa Trout. Trout also told Plaintiff only that he "was not a good fit," and she could say nothing more.

23. Plaintiff had never been counseled, written up or disciplined prior to his termination.

24. The day after his termination the Plaintiff was replaced by Natalie Montgomery (age 33) who is younger than Plaintiff.

25. Plaintiff was as qualified, if not more qualified, than Montgomery for the General Manager position at The Grove.

26. Plaintiff was discriminated against and terminated based on his age in violation of the ADEA.

27.     The unlawful conduct of the Defendant as described above was done willfully in violation of the Plaintiff's federally protected rights.

28.     The Defendant's conduct as described above caused the Plaintiff loss of wages and employment benefits.

## CLAIM

### DISCRIMINATION IN VIOLATION OF THE A.D.E.A.

29.     The Plaintiff realleges and incorporates by reference paragraphs 1-28 below with the same force and effect as if fully set out in specific detail herein below.

30.     The Defendant unlawfully discriminated against the Plaintiff on the basis of his age with respect to his position, wages, termination and other terms, conditions and benefits of his employment, as set out above.

31.     Said discrimination was done intentionally and/or willfully in violation of the federally protected rights of the plaintiff.

32.     The Defendant as thus violated the proscriptions against age discrimination found in the ADEA.

33.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for front pay, backpay, injunctive relief, and liquidated damages is his only means of securing adequate relief.

34.     Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI. <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the ADEA.

2. Grant the Plaintiff an order requiring the Defendant to make him whole by awarding him reinstatement into the position(s) he would have occupied in the absence of the discrimination by the Defendant with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and liquidated damages.

3. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

           Respectfully submitted,

           <u>s/ Temple D. Trueblood</u>
           Temple D. Trueblood
           Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

OF COUNSEL:
Henry Brewster (BREWH7737)
HENRY BREWSTER, LLC
205 North Conception Street
Mobile, Alabama 36603
Telephone: (251) 338-0630

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

                                       s/ Temple D. Trueblood
                                       OF COUNSEL

The Plaintiff requests this Honorable Court to serve via certified mail upon the named Defendant the following : Summons, Complaint.

**Defendant's Address:**
**Asset Campus Housing, Inc.**
**c/o Registered Agent**
**Corporation Service Company, Inc.**
**641 South Lawrence Street**
**Montgomery, AL 36104**

                                       s/ Temple D. Trueblood
                                       OF COUNSEL